UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00107-DJH-HBB

JOETTA LOUISE RICHMOND                                                                                    PLAINTIFF

VS.

TRANSAMERICA, et al.                                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Plaintiff Joetta Louise Richmond to amend her Complaint to add an additional defendant (DN 10). The Defendants TransAmerica and Transamerica Agency Network, LLC[1] (collectively Transamerica) have filed a response in opposition (DN 6). Richmond has not filed a reply.

Nature of the Case and Procedural Background

Richmond filed this action in Henderson Circuit Court on July 31, 2023 (DN 1-3). She seeks payment of proceeds and extra-contractual damages arising from a policy issued by Transamerica insuring the life of her deceased son, Shane Richmond, and for which she is the beneficiary. She contends that Transamerica issued a life insurance policy with a death benefit of $50,000 and that Shane paid all required premiums. However, upon her submission of a claim for those benefits, Transamerica took the position that Shane had not accurately answered questions about his health conditions in his application for coverage and denied payment of benefits. Richmond contends Transamerica violated the Kentucky Consumer Protection Act (KCPA), the Kentucky Unfair Claims Settlement Practices Act (UCSPA), breached the contract, made

---

[1] The Defendants contend that there is no entity named "Transamerica," and that Transamerica Life Insurance Company issued the policy of insurance in question (*see* DN 1-3 at p. 13). For purposes of the present motion this issue need not be resolved, and the undersigned will refer to the Defendants collectively as "Transamerica."

fraudulent misrepresentations, was unjustly enriched, and acted in such a manner as to incur punitive damages (Id. at p. 6-12).

On September 20, 2023, Richmond filed a motion for leave to amend her Complaint to add Winston Drew Chaney as an additional defendant (DN 10). In her motion, Richmond states that Chaney is the agent who sold the life insurance policy and that she believes he completed the questionnaire which Transamerica contends did not disclose a condition for which coverage would be declined (DN 10 p. 1-2). Transamerica filed its notice of removal to this Court under diversity jurisdiction before the Henderson Circuit Court ruled on motion to amend the Complaint (DN 1).

Discussion

Although the motion was filed prior to removal to this Court, the Federal Rules of Civil Procedure apply to removed actions. Fed. R. Civ. P. 81(c)(1). Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires. In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (quoting Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)). According to Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000), "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff

2

and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). But the court "need not accept a 'bare assertion of legal conclusions.'" Id. at 488 (quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Transamerica notes that Richmond makes the same claims against Chaney as those asserted against Transamerica and that the proposed amended complaint does not assert actionable claims against him (DN 6). Transamerica further argues his joinder in the action is an impermissible effort to defeat diversity jurisdiction (Id.).

According to Richmond's tendered amended complaint, she and Chaney are both Kentucky residents (DN 10-1, p. 1-2). She contends that Chaney is an insurance agent for Transamerica and "sold the life insurance policy to the decedent" (Id. at p. 2). She further alleges that Chaney "enrolled Shane Richmond into the policy and is believed to [sic] assisted Shane Richmond with completing the application, which was approved by Transamerica" (Id. at p. 4). She asserts that both Chaney and Transamerica violated the UCSPA and KCPA (Id. at p. 5). Additionally, she contends that Chaney "committed fraud by selling Shane Richmond the policy, if it truly did not insure his death, as purported by Winston Chaney" (Id. at p. 6).

Richmond cannot maintain a claim against Chaney under the UCSPA. Richmond alleges that Chaney is an insurance agent for Transamerica. She does not allege that he was a party to the contract of insurance or that he has any contractual obligation to pay benefits under the policy. The UCSPA only applies to those parties to an action for which there is a contractual obligation to pay. Wright v. State Farm Mut. Auto. Ins. Co., No. 3:18-CV-777, 2019 U.S. Dist. LEXIS 198523, at *5-10 (W.D. Ky. Nov. 15, 2019); Griffin v. Middlefork Ins. Agency, No. 17-215-DLB, 2017 U.S. Dist. LEXIS 164274, at *8-10 (E.D. Ky. Oct. 4, 2017). For the same reason, Richmond

cannot maintain an action against Chaney for violation of the KCPA. The KCPA requires privity of contract, and an insurance agent is not a party to the contract of insurance. Wright v. State Farm Mut. Auto. Ins. Co., 443 F. Supp. 3d 789, 795-96 (W.D. Ky. 2020); Bristoe v. State Farm Mut. Auto. Ins. Co., No. 5:20-CV-106-TBR, 2021 U.S. Dist. LEXIS 46779, at *5-8 (W.D. Ky. Mar. 12, 2021).

This leaves Richmond's claim of fraud. Fed. R. Civ. P. 9(b) requires that a party alleging fraud state with particularity the circumstances constituting the fraud. Under Kentucky law, fraud by misrepresentation requires clear and convincing evidence of "a) [a] material misrepresentation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." Cordes v. United Specialty Ins. Co., No. 5:21-CV-24-BJB, 2022 U.S. Dist. LEXIS 56663, at *32-33 (W.D. Ky. Mar. 29, 2022) (quoting United Parcel Serv. Co. v. Rickert, 996 S.W.2d 464, 468 (Ky. 1999)). Here Richmond has only alleged that Chaney sold Shane the policy and assisted him in completing the application for coverage. She contends that he committed fraud by selling the policy to Shane "if it truly did not insure his death, as purported by Winston Chaney" (DN 10-, p. 6). For practical purposes of satisfying Rule 9(b), the Sixth Circuit requires that the pleading "specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent." Morris Aviation, LLC v. Diamond Aircraft Indus., Inc., 536 F. App'x 558, 562 (6th Cir. 2013) (citing Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012)). Richmond's amended complaint is too vague to satisfy this test. Moreover, and more critically, Richmond does not allege that Chaney made a knowing or reckless misrepresentation that the policy would provide life insurance coverage, an essential element of

the cause of action. For these reasons, the amended complaint fails to state a tenable claim against Chaney for fraud.

      **WHEREFORE**, Plaintiff's motion to amend the complaint, DN 10, is **DENIED**.

November 29, 2023

                                                                     *H. Brent Brennenstuhl* (signature)
                                                                  **H. Brent Brennenstuhl**
                                                                  **United States Magistrate Judge**

Copies to:       Counsel of Record